UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER RASHAD HAMILTON,

Plaintiff,

v.

RON DAVIS, et al.,

Defendants.

Case No. 19-cv-01223-JST

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 16) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Initial Complaint**

The initial complaint set forth nineteen causes of action, one for each named defendant, alleging that each defendant violated plaintiff's rights under either the Eighth Amendment, the Equal Protection Clause, or the Due Process Clause. In screening the initial complaint, the Court found that the initial complaint stated only one cognizable claim, that defendant Officer Torres denied plaintiff the ability to call and question witnesses during his disciplinary proceedings, in violation of the Due Process Clause (eighth cause of action).

The Court dismissed the eighteen other causes of action, noting the following deficiencies. The Court dismissed the claims that defendants Rodriguez, Torres, Davis, Avila, Fouch, and Young violated the Eighth Amendment when they failed to properly supervise the search of inmate Chism because there is no respondeat superior liability under § 1983. The Court noted that only defendant Rodriguez was present during the search of Chism. The Court dismissed the equal protection claims because plaintiff had not alleged disparate treatment, much less disparate treatment because of his membership in a protected class. The Eighth Amendment and equal protection claims were dismissed with leave to amend.

The remaining due process claims – e.g., defendants incorrectly found plaintiff guilty of fighting; defendants should have spoken up and acknowledged plaintiff's innocence of either the initial charge of assault with a deadly weapon or the later charge of fighting; defendants wrongly

2

1  imposed punishments based on the incorrect finding; defendants incorrectly categorized his
2  violation – were dismissed with prejudice for the following reasons: (1) placement in
3  administrative segregation pursuant to the rules violation report does not implicate a liberty
4  interest of "real substance" within the meaning of *Sandin v. Conner,* 515 U.S. 472, 477-487
5  (1995); (2) the only procedural protections required in a prison disciplinary proceeding are written
6  notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and
7  documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate
8  or the issues are complex, some evidence to support the decision, and that the information that
9  forms the basis for prison disciplinary actions must have some indicia of reliability, *see Wolff v.
10 McDonnell*, 418 U.S. 539, 564-67 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato
11 v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987); (3) a prisoner has no constitutionally guaranteed
12 immunity from being falsely or wrongly accused of conduct which may result in the deprivation of
13 a protected liberty interest, *see Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v.
14 Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); and (4) there is no constitutional right to a prison
15 administrative appeal or grievance system, *see Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988);
16 *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Court also noted that state
17 regulations that merely provide procedural requirements, even if mandatory, cannot form the basis
18 of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir.
19 1993); *see also Antonelli*, 81 F.3d at 1430 (holding prison grievance procedure is procedural right
20 that does not give rise to protected liberty interest requiring procedural protections of Due Process
21 Clause).

**C.    Amended Complaint**

23      The amended complaint names the following individuals as defendants:  Warden Davis,
24 Associate Warden Fouch, Associate Warden Young, Chief Deputy Warden Forncrook, Captain
25 Availa, Captain Larkin, Lieutenant C. Torres, Lieutenant Ernst, Lieutenant Shelton, Lieutenant
26 Rojas, Sergeant Rodriguez, Sergeant Nelson, Sergeant Bermudez, Officer Donohue, Officer S.
27 Torres, Officer Duke, Counselor Black, and Counselor Collins.
28      The amended complaint makes the following allegations.

On May 20, 2017, defendant Sgt. Rodriguez was running the yard release program. Inmate Chism managed to smuggle an inmate-manufactured weapon onto exercise yard #5, despite undergoing an unclothed body search and a search of his clothes and belongings prior to entering the yard. Inmate Chism assaulted plaintiff, leaving plaintiff with puncture wounds. Plaintiff alleges that defendants Sgt. Rodriguez, Lt. C. Torres, Warden Davis, Associate Warden Fouch, Associate Warden Young, Deputy Warden Forncrook, and Captain Avila are liable for the attack because they failed to properly train the subordinates that conducted the search of Chism, in violation of the Eighth Amendment's prohibition on deliberate indifference to inmate safety.

Following the attack, plaintiff was interviewed by the Investigative Services Unit and screened by medical. Afterwards, despite being the victim of the assault and not having been found guilty of any rules violation or crime, plaintiff was rehoused in the Security Housing Unit ("SHU") and placed on Grade B status. Placement in the SHU and on Grade B status constituted a deprivation of liberty and property because conditions in the SHU were extremely restricted, with limited access to services, exercise, privileges, and the canteen. Plaintiff was also deprived of his personal property, not permitted to go to medical or for a shower, and not allowed stationery to interact with the outside world or books to read. Plaintiff was not provided with a written statement as to why he was being re-housed and sanctioned, with written notice of any charges, or given time to prepare for a hearing prior to being re-housed and having his privilege (status) group downgraded.

On June 4, 2017, defendant officer Donohoe issued plaintiff a rules violation report ("RVR"), which charged him with the serious division A1 offense of battery with a deadly weapon, even though plaintiff was the victim. For the purpose of the RVR investigation and hearing, defendant officer Donohoe was assigned to be plaintiff's investigative employee and defendant officer C. Torres was assigned to be the senior hearing officer for the RVR hearing. Plaintiff asked defendant officer Donohoe to ask inmate Chism whether plaintiff had attacked Chism and whether Chism had any stab wounds. Defendant officer C. Torres refused to allow plaintiff's questions to be posed to Chism, stating that the questions could cause tension between plaintiff and Chism. At the RVR hearing, defendant officer C. Torres told plaintiff that he knew

4

exactly who plaintiff was and what his commitment crime was, which was the alleged murder of a former Marine turned police officer. Defendant officer C. Torres also told plaintiff that he had the discretion to view the evidence as he liked, and to determine plaintiff's guilt. Defendant officer C. Torres found plaintiff guilty of the charged rules violation and imposed various punishments. Plaintiff alleges that defendant officer C. Torres and defendant officer Donohue violated the Due Process Clause because he denied plaintiff his right to call and question witnesses and refused to allow plaintiff to present "documented evidence by prison officials in his defense." ECF No. 16 at 36, 38-40, 50-51. Plaintiff alleges that defendant officer C. Torres and defendant officer Donohue discriminated against him, in violation of the Equal Protection Clause, because they singled plaintiff out because of the nature of his commitment offense and assigned plaintiff to a housing status that required him to be in permanent mechanical restraints whenever he left his cell thereby making it impossible for him to collect evidence in his defense. ECF No. 16 at 37, 38-40, 50-51. Plaintiff further alleges that defendant officer C. Torres and defendant officer Donohue violated applicable state regulations. ECF No. 16 at 15-16, 38-40, 50-51.

On July 26, 2017, plaintiff appeared before the institutional classification committee ("ICC"), with defendant counselor Collins as his counselor. Plaintiff asked defendant counselor Collins to speak up on his behalf at the ICC meeting. Instead of doing so, defendant counselor Collins personally recommended placing plaintiff on ninety days property control. Defendant Warden Davis also presided at the meeting. When plaintiff asked defendant Warden Davis to look at the first page of the RVR, defendant Warden Davis told plaintiff that the purpose of the meeting was not to review the validity of the guilty finding, and that any challenges to the guilty finding should be pursued through the grievance process. Plaintiff alleges that defendant counselor Collins and defendant Warden Davis violated his rights under the Due Process Clause and the Equal Protection Clause because neither defendant cared that his rights were being violated and because both defendants supported the guilty finding, despite being aware of the deprivations that plaintiff would later suffer due to the his re-housing and downgrade in privilege (status) group. Plaintiff alleges that these actions constituted discriminatory treatment and denied plaintiff the right to be heard. ECF No. 16 at 22-24, 46-47.

Plaintiff filed a grievance challenging the finding that he was guilty of the RVR. Defendant Lt. Ernst interviewed plaintiff as part of the second level review of this grievance. Defendant Lt. Ernst had a predetermined belief that plaintiff was guilty and was only concerned with investigating whether plaintiff's due process rights were violated. Defendant Lt. Ernst's determination that the SHO correctly determined that plaintiff's questions could not be asked because they could cause tension between plaintiff and Chism violated state regulations. Defendant Lt. Ernst's violated both the Due Process Clause and Equal Protection Clause when he refused to acknowledge that plaintiff's due process rights and refused to allow plaintiff the right to present evidence in his defense. ECF No. 16 at 24-26, 44-45.

On January 16, 2018, plaintiff appeared before the ICC again and sought to have his group yard privileges reinstated. Defendant Counselor Black recommended against reinstatement of plaintiff's group privileges and stood by silently during the meeting. Plaintiff argued that he was found guilty of the RVR because the SHO abused his power, but Defendant Warden Davis refused to consider this argument and instead insisted that plaintiff explain why he wanted his group yard privileges back. ECF No. 16 at 29. Defendants Counselor Black and Davis's actions violated plaintiff's rights under the Due Process Clause and the Equal Protection Clause.

On March 5, 2018, plaintiff submitted a CDCR Form 22 to defendant counselor Black requesting that she review his case file with respect to the RVR and reconsider reinstating plaintiff's group yard privilege. Defendant counselor Black told plaintiff that she would not read his RVR documents, that his problem was with the lieutenant who conducted the hearing, that plaintiff should take up the issue with the lieutenant because he outranked her, and that if plaintiff wanted his group yard privileges back, he should stay disciplinary free and stop addressing her about an RVR with which she had no connection. Plaintiff alleges that defendant counselor Black's actions constituted deliberate indifference to his Fourteenth Amendment rights. ECF No. 16 at 30.

On March 14, 2018, plaintiff's grievance was granted in part at the third level in that the charge against him was reduced to fighting. Defendant Associate Warden Fouch ordered that plaintiff's RVR be re-issued and a new hearing ordered. On April 2, 2018, plaintiff was assigned

6

defendant officer S. Torres as an investigative employee; defendant officer Donohoe as his staff assistant; and defendant Lt. Shelton as his senior hearing officer. Plaintiff provided defendant officer S. Torres a list of questions to ask. Defendant SHO Shelton denied plaintiff the ability to ask these questions. This denied plaintiff his rights under the Due Process Clause and the Equal Protection Clause. ECF No. 16 at 31-33, 52-53. On April 10, 2018, plaintiff was assigned Officer Swaffield as his staff assistant, and defendant officer Donohoe became his counselor. On April 29, 2018, plaintiff had his RVR hearing where he was found guilty of fighting, given time served, and received a recommendation that the ICC reinstate his yard privileges. ECF No. 16 at 31-33.

Plaintiff makes the following additional allegations.

Plaintiff alleges that defendant Warden Davis violated his rights under the Due Process Clause and the Equal Protection Clause because he failed to properly supervise his subordinates, failed to properly investigate the stabbing incident, failed to discipline the other defendants, deprived plaintiff of liberty and property without due process of law, imposed progressively severe sanctions on plaintiff at each step without due process of law, allowed a subordinate officer to punish him because of the nature of his commitment crime, allowed plaintiff to be discriminated against because of his housing status in that plaintiff was unable to investigate the incident, failed to provide plaintiff with a competent staff member to aid in his defense, and discriminated against him by appearing at every ICC hearing. ECF No. 16 at 41-43.

Plaintiff alleges that defendants Captain Avila, Sgt. Nelson, Chief Deputy Warden Forncrook, Warden Young, Associate Warden Fouch, and Captain Larkin violated his rights under the Due Process Clause and the Equal Protection Clause because they allowed plaintiff to be discriminated against because of his housing status which required mechanical restraints thereby preventing plaintiff from collecting evidence in his defense; and/or participated in the ICC hearings which allowed for plaintiff to be subjected to solitary confinement without the opportunity to be heard; and/or failed to properly supervise his or her subordinates; and/or allowed a subordinate officer to punish him because of the nature of his commitment crime; and/or allowed him to be sent to solitary confinement and deprived of liberty and property without due process of law, and/or failed to properly investigate the stabbing incident. ECF No. 16 at 48-49, 56-57, 60-

7

1   70.

2      Plaintiff alleges that defendant Sgt. Nelson's failure to act as his staff assistant during the
3   ICC hearing violated his due process rights.  ECF No. 16 at 56.

4      Plaintiff alleges, without providing further detail, that defendant Sgt. Bermudez, deprived
5   him of his rights under the Due Process Clause and the Equal Protection Clause.  ECF No. 16 at
6   54-55.

7      Plaintiff alleges that defendant officer Rojas violated his rights under the Due Process
8   Clause and the Equal Protection Clause because he wrote in his report that plaintiff would not
9   receive an RVR and did nothing to ensure that plaintiff was treated fairly.  ECF No. 16 at 71-72.

10     Plaintiff alleges that defendant officer Duke violated his rights under the Due Process
11  Clause and the Equal Protection Clause because he stated that plaintiff was involved in mutual
12  combat and identified plaintiff as a suspect.  ECF No. 16 at 73-74.

13     Finally, plaintiff alleges that defendant counselor Black also violated his rights under the
14  Due Process Clause and the Equal Protection Clause when she refused to investigate the stabbing
15  incident, and engaged in acts of intimidation, abuse of power, harassment and other violations of
16  the law.  ECF No. 16 at 75-76.

**D.    Legal Claims**

The amended complaint fails to state any cognizable legal claims.  The claims in the amended complaint suffer from the same deficiencies identified in the Court's October 29, 2019 screening order.

   **1.    Eighth Amendment Claims**

Plaintiff alleges that certain defendants violated the Eighth Amendment's prohibition on deliberate indifference to inmate safety because they failed to properly train the subordinates that conducted the search of Chism.  As explained in the Court's October 29, 2019 screening order, there is no respondeat superior liability under Section 1983, and a prisoner must offer more than a formulaic recitation of the elements of a cause of action to raise a right to relief above the speculative level.  The amended complaint's conclusory allegation that the defendants failed to supervise or properly train their subordinates is insufficient to raise a right to relief above the

speculative level. There is no factual allegation that these defendants were aware of the excessive risk to plaintiff's safety, specifically inmate Chism possessing a weapon, and disregarded this risk. The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has been granted an opportunity to amend his Eighth Amendment claims and has been unable to do so. Plaintiff's Eighth Amendment claims are DISMISSED with prejudice.

### 2. Equal Protection Claims

The amended complaint alleges that plaintiff's rights under the Equal Protection Clause were violated when certain defendants singled him out because of the nature of his commitment offense, assigned him to a housing status that required him to be in permanent mechanical restraints whenever he left his cell thereby making it impossible for him to collect evidence in his defense, and refused him the right to be heard by refusing to investigate the stabbing. These allegations are conclusory and primarily recite the elements of the claims. There are no plausible allegations that that inmates with different commitment offenses were treated more favorably during disciplinary proceedings, or that plaintiff's housing status assignment was motivated by discriminatory intent. The amended complaint does not state any plausible equal protection claims. Plaintiff has been granted an opportunity to amend his equal protection claims and has been unable to do so. Plaintiff's equal protection claims are DISMISSED with prejudice.

### 3. Due Process Claims

The amended complaint fails to state any cognizable due process claim. The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (applying *Hewitt v. Helms*, 459 U.S. 460 (1983)), *cert. denied*, 481 U.S. 1069 (1987). The fact that a prisoner may have been placed incorrectly in administrative segregation also does not raise a due process issue. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Furthermore, as explained in the Court's October 29, 2019 screening order, the following

9

principles govern due process claims. First, the only procedural protections required by the Due Process Clause in a prison disciplinary proceeding are written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, some evidence to support the decision, and that the information that forms the basis for prison disciplinary actions must have some indicia of reliability. Second, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Third, there is no constitutional right to a prison administrative appeal or grievance system. Finally, state regulations that merely provide procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Accordingly, the actions identified by plaintiff do not violate the Due Process Clause. The Due Process Clause does not require correctional counselors to speak up on an inmate's behalf during a classification meeting; does not require correctional officials to consider the validity of a guilty RVR finding during a classification meeting or in response to a Form 22; does not require a correctional official processing a grievance to consider the validity of a guilty RVR finding; does not require that an inmate be allowed to be free of mechanical restraints so that he may collect evidence in his defense; does not prohibit correctional officials from falsely accusing an inmate of engaging in mutual conduct or designating the inmate-victim a suspect in stabbing incident; does not require correctional officials to investigate an altercation or RVR where there is already an investigation and hearing pursuant to the RVR; and does not require that an inmate receive written notice or a hearing prior to be placed in administrative segregation.

In screening the original complaint, the Court found that the original complaint stated a cognizable due process claim against defendant officer Torres when he denied plaintiff to ability to call and question witnesses during his disciplinary proceedings. However, the right to call and question witnesses is not unlimited; such a right can only be exercised if it is not unduly hazardous. *See Wolff*, 418 U.S. at 564-67. The amended complaint has clarified that plaintiff was denied the ability to ask questions of inmate Chism because it could cause tension between

10

plaintiff and Chism. In other words, prison officials concluded that it would be unduly hazardous to allow plaintiff to call Chism as a witness in his defense. Plaintiff has not made factual allegations that dispute this conclusion. Accordingly, the Court finds that plaintiff has not stated any cognizable due process claims. Plaintiff was afforded an opportunity to address the deficiencies in his due process claims, but has been unable to do so. The due process claims are DISMISSED with prejudice.

## CONCLUSION

For the reasons set forth above, the amended complaint is DISMISSED with prejudice for failure to state a claim. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2020

_____
JON S. TIGAR
United States District Judge